IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN LABEE, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-318-A |
| | § | |
| RODNEY W. CHANDLER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the application of John Labee for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court, having considered the application, the response of Rodney W. Chandler, Warden, the record, and applicable authorities, finds that the application should be denied.

I.

### Background

On September 18, 2014, applicant was sentenced by the United States District Court for the Eastern District of Louisiana to a term of imprisonment of 46 months for aiding or assisting in the preparation of false tax returns, subscribing false statements on income tax returns, and making false declarations before a grand jury. Doc.[1] 10 at App. 007-08.

---

[1] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this civil case, No. 4:16-CV-318-A.

## II.

### Grounds of the Petition

Applicant alleges that he is being deprived of his freedom and is illegally confined. Doc 3 at 1. It appears applicant is seeking habeas relief based on a dispute with the Bureau of Prisons as to his restitution payments and sanctions imposed upon him for failure to pay his restitution payments.[2] Doc. 3 at 1-3. Applicant also alleges retaliation by prison staff.[3] Doc. 3 at 1.

## III.

### Analysis

A prisoner seeking habeas relief pursuant to § 2241 must exhaust all administrative remedies that might provide appropriate relief. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). The Bureau of Prisons has established a three-tiered Administrative Remedy Program ("the Program") governing formal review of inmate complaints relating to any aspect of imprisonment. 28 C.F.R. §§ 542.10 et seq. A prisoner must

---

[2] In addition, applicant requests that counsel be appointed to represent him in the above-captioned action. "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, appointment of counsel is a privilege and not a constitutional right. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). It should be allowed only in exceptional cases. Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989). Applicant has not shown that this is the type of exceptional case in which the court should appoint counsel, thus, the court denies this request.

[3] The court does not address applicant's retaliation claim because this type of claim may not be brought pursuant to § 2241.

pursue the procedures set forth in the Program prior to seeking relief in district court. See Rourke, 11 F.3d at 49.

These procedures, in turn, generally require the prisoner first to attempt informal resolution through a complaint to Bureau of Prisons staff; if not satisfied with the result, he or she must file a formal written complaint to the Warden, then pursue an administrative appeal to the appropriate Bureau of Prisons Regional Director. 28 C.F.R. §§ 542.10 et seq. The final appeal is to the Bureau of Prisons's Office of General Counsel, "within 30 calendar days of the date that the Regional Director signed the response." Id. at 542.15(a).

To be excused from the exhaustion requirement, applicant must demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. See Fuller, 11 F.3d at 62. Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. Id.

Applicant admits that he has not exhausted his administrative remedies. Doc. 3 at 2-4. However, he contends that "[t]he administrative remedy process here at FCI Fort Worth doesn't work because I have issues with the staff and Austin Unit

3

team and Dallas Unit team staff. The staff here are not processing BP-8s and BP-9s In a timely manner and a lot of cover-ups and falsifying documents is going on here." Doc. 3 at 2. No other explanation is offered as to applicant's failure to exhaust remedies. The court is not persuaded.

Nothing is offered in the application to show that applicant has sought to exhaust his administrative remedies or that there has been any indication from officials that they would categorically reject his attempts at administrative remedies without at least considering his concerns. Although petitioner believes the Bureau of Prisons would have denied his requests, he has offered no factual basis in the petition to support that belief. As to the alleged failure to process claims in a timely manner, exhaustion of remedies may take time, but "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." Preiser v. Rodriguez, 411 U.S. 475, 494-95 (1973).

Applicant gives no indication that he has even attempted to begin the administrative remedy process, and he has presented nothing, other than speculation, to support his contention that he should be excused from exhausting those remedies. Applicant has not shown the type of extraordinary circumstances needed to

4

justify his failure to exhaust administrative remedies, thus warranting dismissal on that basis.  <u>Fuller</u>, 11 F.3d at 62.

IV.

<u>Order</u>

For the reasons discussed herein,

The court ORDERS that the writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by applicant, John Labee, be, and is hereby, dismissed without prejudice for failure to exhaust administrative remedies.

SIGNED June 16, 2016.

_____
JOHN McBRYDE
United States District Judge